Dana Osgood v. Commissioner.
Osgood v. Commissioner
Docket No. 109178.
United States Tax Court
1942 Tax Ct. Memo LEXIS 106; 1 T.C.M. (CCH) 16; T.C.M. (RIA) 42574; October 30, 1942
*106 1. Disallowance by respondent of taxes deducted on return for 1937 and refunded in 1938, approved. 2. Loss on account of worthlessness of stock held deductible. Philip Nichols, Esq., 45 Milk St., Boston, Mass., for the petitioner. T. G. Histon, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, J.: The respondent determined a deficiency in petitioner's income tax for 1937 in the amount of $2,160.85. Two questions are presented: (1) The correctness of respondent's action in disallowing a deduction claimed for taxes paid in 1937 and refunded in 1938; and (2) the proper treatment of an alleged loss. The parties agreed in the following facts: [The Facts] The return for the period here involved was filed with the collector of internal revenue for the district of Florida on the cash receipts and disbursements basis. In 1937 petitioner was assessed the sum of $1,479.89 as Massachusetts income taxes and paid the amount assessed in that year. He contested the assessment on the ground that he was not domiciled in Massachusetts in the years with respect to which the taxes were assessed, and prevailed in his contention by a decision of the Massachusetts Board of Tax *107 Appeals promulgated January 14, 1938, (see 2 Mass. B.T.A. 523) and the money was refunded to him in 1938. The amount of $1,479.89 paid by petitioner in 1937 was claimed as a deduction in petitioner's Federal income tax return for 1937. The Commissioner of Internal Revenue in the notice of deficiency dated October 29, 1941, disallowed the claimed deduction of $1,479.89 on the ground that the amount was refunded to the petitioner by the State of Massachusetts in the year 1938. On July 3, 1930, the petitioner and one Inar Johnson caused a corporation to be organized under the laws of Massachusetts, called the Inar Johnson Motor Company. Petitioner contributed all the capital, amounting to $10,000, and received all of the preferred stock that was issued, namely, 100 shares of a par or face value of $100 each and also received 50 common shares of no par value common stock which was one-half of the issued common stock. All of the remaining common stock was issued, without cost, to Inar Johnson, except one share which was issued to Johnson's wife, also without cost. The business was unprofitable from the start and never paid any dividends on either the preferred or common stock. The company *108 continued to lose money and was liquidated early in 1937. As a result of the liquidation petitioner received $226.19 from the Inar Johnson Motor Company. The corporation thereafter had no assets and ceased to do further business and was dissolved at the next session of the Legislature. Petitioner claimed as a deduction on his 1937 return the amount of $9,773.81, being the difference between the cost of the preferred stock, $10,000, and the amount received from the corporation at the time of its liquidation, $226.19. In the notice of deficiency the Commissioner disallowed the claimed deduction of $9,773.81 and allowed instead a capital loss limited to the amount of $2,562.75, ($2,000 plus gains from sales of other capital assets). The Inar Johnson Motor Company filed no Federal income tax return for 1937. On February 21, 1941, petitioner filed with the appropriate collector of internal revenue a claim for refund of $109.52 on account of his 1937 tax. Testimony at the hearing supplemented the stipulation with the further facts that in addition to investing $10,000 in stock of the corporation, petitioner loaned the corporation $750. When the corporation was liquidated petitioner *109 received $226.19 as a part payment on such loan and not as a liquidating dividend on his stock. [Opinion] Under the ruling of the Circuit Court of Appeals for the First Circuit in Leach v. Commissioner, 50 Fed. (2d) 371, the action of the Commissioner in disallowing the deduction for taxes paid in 1937 and refunded in 1938 was correct. See also E. B. Elliott Co., 45 B.T.A. 82. Respondent is sustained as to this item. As to the loss on the investment in the corporation, it is to be observed that petitioner was both a stockholder and a creditor. The record reveals that he received the $226.19 as a creditor and not as a liquidating dividend on his stock. When these facts, adduced at the hearing, are interlined in the stipulation it is apparent that petitioner should be sustained on this item. The treatment of the item in petitioner's return from which respondent deducted his conclusion was erroneous. The facts of the matter were fully developed at the hearing. Under the stipulated facts the stock became worthless in 1937. The entire investment was lost and was accordingly deductible. It was not a situation for the *110 application of the capital gains provision. Decision will be entered under Rule 50.